IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Respondent, | ) |
| | ) |
| v. | ) Criminal Case No. CR-09-00036-001-RAW |
| | ) |
| RONALD KEITH IRVING, | ) |
| | ) |
| Defendant/Petitioner. | ) |

## **ORDER**

Now before the court is Defendant's motion for sentence reduction under First Step Act and brief in support. [Doc. 261]. The Government filed its response in opposition to Defendant's motion. [Doc. 265]. This matter is ripe for ruling.

The court has carefully reviewed the file in the interest of conducting "a complete review of the motion on the merits." *See* First Step Act of 2018, Pub. L. 115-391, § 404(c), 132 Stat. 5194, 5222 (2018). Defendant was convicted following a jury trial of possession with intent to distribute cocaine base ("Count 1") and tampering with a witness ("Count 2"). [Doc. 195]. Now, directing the court's attention to Count 1, Defendant claims "[t]his case qualifies for a sentence reduction under the First Step Act." [Doc. 261 at 9]. According to Defendant, "[t]he First Step Act authorizes application of the Fair Sentencing Act to this case, and allows the sentences to be modified in light of § 3553(a) standards and the Sentencing Guidelines." *Id*. at 28. The court disagrees.

In the instant case, Defendant is not eligible for a reduction in his sentence for Count 2 under the First Step Act. Count 2 is not a crack cocaine offense. Defendant's two sentences (360 months of imprisonment on each count) are the same and run concurrently, meaning his total time of imprisonment remains unchanged even if he received a sentence reduction for Count 1. [Doc. 195 at 2]. Under the circumstances, Defendant's motion does not have the effect of actually reducing his length of incarceration. *See United States v. Mannie*, 971 F.3d 1145, 1153 (10th Cir. 2020) ("Put simply, if reducing an offender's sentence under the 2018 FSA [First Step Act] does

not have the effect of actually reducing the offender's length of incarceration, then the court cannot redress the offender's injury under the 2018 FSA. If the court cannot redress the offender's injury, then the offender does not have standing, a live controversy is not present, and the court does not have jurisdiction."); *see also United States v. Ellis*, No. 20-7006, 2021 WL 2224357, at *2 (10th Cir. June 2, 2021) (unpublished). The parties, however, agree that Defendant is entitled to a reduction in his sentence of supervised release. [Doc. 261 at 27-28; Doc. 265 at 16].

Defendant's motion for sentence reduction under First Step Act and brief in support [Doc. 261] is GRANTED in part and DISMISSED in part. Specifically, the motion is GRANTED to the extent that Defendant's term of supervised release as to Count 1 is REDUCED from 8 years to 6 years. The motion is otherwise DISMISSED as to the request for a reduction of Defendant's length of incarceration. The United States Probation Office is respectfully directed to prepare an Amended Judgment in accordance with this order.

It is so ordered this 10th day of June, 2021.

_____
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA